# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA SOUTHERN DIVISION

MARK J. POLK, and              )
RV SAVVY PRODUCTIONS, INC.     )
d/b/a RV EDUCATION 101®        )
Plaintiffs,                    )          Civil Action
                               )          No. 5:24-cv-466
v.                             )
KAMPGROUNDS                    )
OF AMERICA, INC., and          )
JANE DOES 1-100,               )
Defendants.                    )
_____

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs Mark J. Polk and RV Savvy Productions, Inc. d/b/a RV Education 101® (RV Savvy) state the following for their complaint against Defendant Kampgrounds of America, Inc. (KOA):

## Introduction

1.      Mark and Dawn Polk started a family business more than twenty-five years ago to help educate recreational vehicle (RV) owners and enthusiasts across the United States on how to properly and safely use, maintain, and enjoy their RVs. That business became very successful, reaching millions of RV users with its practical, easy-to-follow articles and videos about RV topics.

2.     Defendant KOA, the world's largest system of privately-owned, open-to-the-public campgrounds and RV parks, has more than 525 locations, some of which are franchised and others company-owned. In 2023, KOA enjoyed a record-breaking year, with revenue of over $500 million. Through its flagship website www.KOA.com, KOA is engaged in widespread unauthorized use of Plaintiffs' intellectual property, including over 100 copyrighted articles and Mr. Polk's name, image, and likeness.

3.     Until Plaintiffs discovered KOA's unauthorized use of their works, Plaintiffs and KOA had enjoyed a productive business relationship for many years. Mr. Polk, a retired United States Army officer with a life-long passion for RVs, is widely recognized across the country as one of the premier experts in the RV industry.[1] Over the years, he has created many detailed, information-packed, easy-to-follow guidebooks, checklists, videos, and other content to help RV owners understand, use, and enjoy their RVs as they travel across the country. Much of this content is available to RV users through RV Savvy's commercial website www.RVEducation101.com. Mr. Polk is highly

---

[1] *See, e.g.,* https://rollinontv.com/rv-education-101/.

regarded within the nationwide RV community as a trusted source of accurate, helpful, and easily digestible information about RVs.

4.     As for KOA, much of its success has been built on appealing to RV enthusiasts. To bolster that appeal, more than twenty years ago, KOA sought out Mr. Polk to explore ways to leverage his highly valuable reputation among RV users to KOA's advantage. In 2002, KOA and Plaintiffs entered into a business relationship in which Plaintiffs agreed to allow KOA to use their original content, under certain conditions, in its marketing efforts to RV users, including as part of its internet presence.

5.     Throughout that 20+-year relationship, Plaintiffs required that Mr. Polk retain control and approval over the substance of the creative content that KOA used, that KOA give proper attribution to Mr. Polk and RV Savvy in connection with that content, and that KOA include weblinks to RV Savvy's own commercial website.

6.     For many years, KOA abided by those conditions, and the parties jointly benefited from the arrangement. At some point, however, KOA decided internally to change how it used Plaintiffs' content. Without informing Plaintiffs or requesting their permission, KOA

stopped abiding by the conditions the parties had agreed to and began using Plaintiffs' intellectual property for their own advantage in ways that Plaintiffs had never permitted.

7.    Plaintiffs recently discovered that KOA removed RV Savvy's trade name and weblinks from the KOA-published versions of Plaintiffs' content. On information and belief, KOA did this because it hoped to retain the benefits of using Plaintiffs' popular content while avoiding diverting customer interest and web traffic to Plaintiffs' business.

8.    Plaintiffs also recently discovered that KOA had begun creating and publishing unauthorized derivative versions of Plaintiffs' works without Plaintiffs' knowledge or permission. Some of these derivatives misrepresented Mr. Polk and RV Savvy as the author and source while others gave them no attribution at all and misrepresented that KOA was the sole author and source of works created solely by Mr. Polk.

9.    In some unauthorized derivatives attributed to Plaintiffs, KOA included inaccurate and misleading information never approved by Plaintiffs. Those inaccuracies threaten to substantially and negatively affect Plaintiffs' reputation in the industry.

10. In January 2024, KOA announced the release of an artificial intelligence (AI)-powered chatbot available through its flagship website, KOA.com.[2] The KOA AI Chatbot allows members of the public to engage in real-time conversations, receive instant responses to inquiries, and streamline their trip-planning.

11. The KOA Chatbot was built using Plaintiffs' content and frequently refers to Mr. Polk as "KOA's resident RV expert." KOA was not authorized by Plaintiffs to do either.

12. The KOA Chatbot continues to use substantial amounts of RV Savvy-created content both as part of the back-end programming, training, and fine-tuning of the Chatbot and as part of the content that is provided to consumers in response to questions or topics they type into the Chatbot. Many of KOA's Chatbot responses include inaccurate and misleading information never approved by Plaintiffs, further threatening their reputation in the industry.

13. KOA's misuse of Plaintiffs' intellectual property has been widespread and damaging to Plaintiffs. And it has been willful. For its own gain, KOA knowingly deprived Plaintiffs of the fruits of their own

---

[2] https://www.koapressroom.com/press/kampgrounds-of-america-releases-ai-chatbot-to-enhance-camper-and-traveler-experience/

5

labors by publishing it as if it were KOA's own, and harmed Plaintiffs'
reputation in the industry by publishing inaccurate and misleading
information attributed to them.

14.     Since discovering KOA's misuse of their intellectual
property, Plaintiffs have attempted in good faith to work with KOA to
rectify this situation. KOA, however, has refused to do so, and its large-
scale infringement of Plaintiffs' intellectual property rights continues
unabated.

15.     Plaintiffs bring this action to seek legal redress for the
damages they have suffered and to prevent KOA from profiting from its
violations of their rights.

## Parties, Jurisdiction, and Venue

16.     Plaintiff Mark J. Polk is an individual citizen and resident of
Harrells, Bladen County, North Carolina. Mr. Polk is the author and
registered copyright owner of numerous written works and videos on
topics related to RV ownership, operation, and maintenance, which he
publishes through Plaintiff RV Savvy.

17.     Plaintiff RV Savvy, which uses the trade name RV
Education 101®, is a corporation organized and existing under the laws

6

of North Carolina. RV Savvy is family-owned and operated, with its principal place of business in Harrells, Bladen County, North Carolina. RV Savvy is owned by Plaintiff Mark Polk's wife Dawn Polk, who is also President of the company.

18.    Defendant KOA is a domestic profit corporation organized and existing under the laws of Montana, with a principal place of business at 1205 N. Transtech Way, Billings, Montana 59102. KOA may be served through its registered agent: Corporation Service Company, 26 W. Sixth Avenue, Helena, Montana 59624-1691.

19.    KOA does business extensively in North Carolina, including through at least eleven KOA campgrounds, at least two of which are company-owned.

20.    KOA is subject to the jurisdiction of this Court.

21.    KOA frequently conducts business and marketing activities that either take place in North Carolina or are directed into North Carolina, including ownership of certain KOA locations in North Carolina.

22.    Through the actions set forth in this Complaint, including its business relationship with Plaintiffs and its publication of infringing

materials within North Carolina and to consumers located in North Carolina, KOA has purposefully availed itself of the privilege of conducting business in North Carolina and caused harm to Plaintiffs, who are North Carolina residents, within North Carolina.

23. The identity of Defendants Jane Does 1-100 (Doe Defendants) is not currently known to Plaintiffs, but Plaintiffs intend to seek those identities in discovery and to seek leave to file an Amended Complaint after doing so.

24. The Doe Defendants are believed to include numerous corporate entities and individuals with whom KOA has business relationships and to whom KOA has purported to license the right to make use of Plaintiffs' intellectual property.

25. On information and belief, the Doe Defendants are subject to the jurisdiction of this Court since they have infringed on Plaintiffs' intellectual property rights in North Carolina, caused injury to Plaintiffs in North Carolina, and conducted business and marketing in North Carolina that has violated Plaintiffs' rights and harmed Plaintiffs.

26.    This Court has subject matter jurisdiction over Plaintiffs'
copyright and trademark infringement claims because they arise under
federal law. This Court has supplemental jurisdiction over Plaintiffs'
North Carolina state law claims for violation of Mr. Polk's right of
publicity and for Unfair and Deceptive Trade Practices because those
claims are so related to the federal claims that they form part of the
same case or controversy.

## Plaintiffs' Intellectual Property

27.    Mr. Polk has long been recognized as one of the nation's
leading experts and content creators of information regarding the
operation and maintenance of RVs. Since retiring in the 1990s from a
career in the military, Mr. Polk has pursued, through RV Savvy, the
business of creating, publishing, and licensing his creative content
regarding RVs for the benefit of RV enthusiasts all over the United
States.

28.    Mr. Polk and RV Savvy are especially well-known and highly
regarded for their work developing practical, easy-to-follow, and
informative "how-to"-related advice for RV owners, including narrative
checklists, articles, videos, and other related content. Through skill,

knowledge, and hard work, Plaintiffs have built a valuable national reputation as a recognized, authoritative source of high-quality, accurate, and accessible content for RV owners.

29.    Attached as <u>Exhibit 1</u> are summaries of Mr. Polk's copyright registrations for RV-related content of which he is the sole author (Registered Works). The Registered Works include over 100 individual articles that were authored by Mr. Polk and provided to KOA subject to the parties' agreement as to how they could be used.

30.    RV Savvy owns federal trademark registrations for RV Education 101®, USPTO Registration Numbers 77153856 and 7432095, for use in connection with the educational services for videos, electronic publications, newsletters, and blogs about RVs that it offers to the public. Attached as <u>Exhibit 2</u> are copies of RV Savvy's federal trademark registrations for RV Education 101®. RV Savvy has used RV Education 101 in commerce in connection with videos and electronic publications since 2000.

**The Parties' Twenty-Year Relationship**

31.    KOA positions itself in the marketplace as an "iconic brand" for campers and RV owners, with a history dating back over 60 years.

Case 5:24-cv-00466-FL   Document 1   Filed 08/14/24   Page 10 of 36

Most of KOA's more than 525 locations are owned and operated by franchisees who use marketing material, practices, and procedures provided by KOA to attract and serve customers.

32.     Among the benefits KOA provides to franchisees is the power of the KOA brand among campers and RV owners. KOA makes large investments each year in digital marketing activities, including web-based camping and RV-oriented content for consumers, to attract and process customer reservations and to maintain and enhance the value of its brand, so that potential franchisees will want to buy a franchise, associate themselves with the KOA brand, and draw customers who view KOA positively.

33.     On information and belief, more than 70% of short-term reservations at KOA-affiliated campgrounds are processed through the KOA.com website.

34.     For more than one-third of the 62 years KOA has been in business, it has associated itself with RV educational content created and provided by Mr. Polk and RV Savvy and has used that content to grow and burnish its reputation among its target audience of RV enthusiasts. In 2002, as part of its efforts to broaden its appeal among

RV users, KOA reached out to Mr. Polk and RV Savvy to discuss the possibility of KOA's leveraging Plaintiffs' strong reputation among RV users to KOA's advantage. KOA sought Plaintiffs out with the hope of using Plaintiffs' creative content to enhance KOA's appeal to RV enthusiasts, who frequently use KOA campgrounds and RV parks to stay overnight during trips. After discussion, Plaintiffs agreed to permit KOA to use certain of Mr. Polk's creative works as well as the RV Education 101 trade name as part of KOA's marketing efforts under certain conditions.

35.     From 2002 until earlier this year, Plaintiffs believed that they had a warm and productive business relationship with KOA. They came to know and work closely with many KOA employees, including KOA's now-CEO Toby O'Rourke.

36.     Under the parties' relationship, Plaintiffs permitted KOA to use certain intellectual property (collectively, RV Savvy IP), including Registered Works; Mr. Polk's name, image, and likeness; and the trade name RVEducation101®; under certain well-understood and agreed-upon conditions.

37.     At all relevant times, the conditions that were understood and agreed by the parties to apply to KOA's use of RV Savvy IP, including but not limited to the Registered Works, included the following:

    i.  KOA did not have a general license to use items of RV Savvy IP at its discretion but could only use particular items specified, provided, and approved in advance by RV Savvy and only in the ways prescribed by RV Savvy.

    ii.  KOA could only use RV Savvy IP if KOA properly attributed the articles to Mr. Polk and RV Savvy, with weblinks that directed traffic to RV Savvy. KOA was never granted permission to use RV Savvy IP without such attribution and links.

    iii.  KOA was not permitted to create, reproduce, or distribute derivative works based on RV Savvy IP without review and approval by Mr. Polk.

    iv.  KOA was not permitted to change substantive content within the RV Savvy IP without review and approval by Mr. Polk.

13

v.  KOA was not permitted to sublicense RV Savvy IP without express permission from Plaintiffs.

vi.  KOA never sought or received permission from Plaintiffs to use their content or their personal or trade names in connection with an artificial intelligence (AI) feature.

38.   Beginning in approximately 2012, Plaintiffs received small fees for certain content they provided to KOA, mostly to cover expenses incurred in producing the content. But at all relevant times the primary value to Plaintiffs from the relationship with KOA was the publicity and website traffic they anticipated receiving from the attribution and links to their own website from KOA website users.

39.   For many years, KOA successfully used and published many items of RV Savvy IP pursuant to the above conditions to enhance its profile and credibility among RV owners. KOA has benefited greatly over the years from using Plaintiffs' content and associating itself with their sterling reputation in the industry. Many works that Plaintiffs provided KOA have been among the highest-performing items of content on KOA's website.

40.     By using Plaintiffs' content, KOA has not only enhanced its reputation among RV owners and operators as a source of objective, practical advice and tips on RVs, but has also increased its own website traffic and other beneficial publicity.

## KOA's Infringement of Plaintiffs' Intellectual Property

41.     Recently, Plaintiffs discovered that at some point during the parties' relationship, KOA began to use RV Savvy IP, including Registered Works owned by Mr. Polk; Mr. Polk's name, image, and likeness; and the RV Education 101® trade name; outside the scope of the permission that Plaintiffs had granted and in ways that threaten significant harm to Plaintiffs' hard-earned national reputation in the RV industry.

42.     After learning of KOA's misuse of their intellectual property, Plaintiffs tried to work in good faith with KOA's marketing department to rectify the situation. Those efforts were unsuccessful, however, and KOA eventually stated that KOA would remove all of RV Savvy's content from its publications by April 8, 2024. While KOA has removed a number of Plaintiffs' articles, it did not cease using all of the RV

Savvy IP and continues as of the date of filing of this Complaint to repeatedly publish content that infringes on the RV Savvy IP.

43.    KOA's has made unauthorized use of RV Savvy IP in several different ways, including the following:

KOA's Publication of Plaintiffs' Content Without Proper Attribution and Weblinks:

44.    One way in which KOA began to use Mr. Polk's articles outside the scope of the permission granted was by stripping the RV Education 101 trade name and links to RV Savvy's website that had appeared for years in KOA's versions of those articles pursuant to the agreed upon terms and conditions.

45.    Without Plaintiffs' knowledge, KOA stripped the RV Savvy trade name and links from previously published articles and republished numerous original RV Savvy articles that reference Mr. Polk as author but no longer mention RV Education 101® or include links to its website.

46.    Without the RV Education 101® name or weblinks to RV Savvy's own website, the articles give the false impression that Mr. Polk is an employee of KOA rather than of RV Savvy.

47.    The stripped articles also deprive RV Savvy of the benefits of the publicity and web traffic that were so important to Plaintiffs and that led to the conditions they placed on the permission granted to KOA to use the articles in the first place.

48.    Attached as Exhibit 3 is a list of 20 articles that KOA has published, without authorization, after stripping RV Savvy's trade name and weblinks. On information and belief, Exhibit 3 is not a complete list of KOA's misuse of RV Savvy IP in this fashion. Exhibit 3.1 is an example of one such article in the form it appeared on KOA's website when it was properly attributed to Mr. Polk with branding and links to RV Savvy's website. Exhibit 3.2 shows how the article appeared after KOA, without Plaintiffs' knowledge or approval, removed the RV Savvy's branding and links to its website.

49.    To the extent that KOA had any license to publish these articles, it was only under the conditions noted above, including that the articles be attributed to Mr. Polk and his company and that they include links to the RV Education 101® website.

50.    After agreeing to those conditions, KOA complied with them for many years but stopped doing so at some point prior to RV Savvy's

discovery of the infringements. On information and belief, KOA's reason for removing Plaintiffs' trade name and weblinks from the articles was to enhance its own brand and retain website traffic generated by Plaintiffs' content without diverting a portion of that traffic to Plaintiffs' website.

51. Each KOA-published article listed in Exhibit 3 infringes Mr. Polk's corresponding registered copyrighted work. These infringements were willful, since KOA knew or reasonably should have known that such actions were unlawful and infringing.

<u>KOA's Unauthorized Derivative Works and Misuse of Names, Image, and Likeness:</u>

52. KOA also infringed Mr. Polk's copyrights by creating unauthorized derivative works based on Mr. Polk's articles. Recently, RV Savvy has discovered numerous KOA articles that are derivatives of Registered Works that Mr. Polk provided to KOA but that KOA has substantively changed without authorization from Plaintiffs.

53. Originally, KOA published these articles in the form provided by RV Savvy. At some point, however, KOA made significant changes, including adding new content that was neither created, sponsored, nor endorsed by RV Savvy or Mr. Polk.

54.    Despite Plaintiffs lack of awareness or approval of this new content, Mr. Polk and RV Savvy are listed or portrayed as the author and source of many of these articles.

55.    Attached as <u>Exhibit 4</u> is an example of an article that KOA originally published as written by Mr. Polk, along with his name, image, and likeness and RV Savvy branding and weblinks, pursuant to the agreed-upon conditions set forth above. <u>Exhibit 4.1</u> is KOA's derivative version of the same article that KOA published without Plaintiffs' knowledge or approval despite including Plaintiffs' names and links to their website.  Exhibit 4.1 is substantially similar in protectable content to Exhibit 4. Mr. Polk and RV Savvy never authorized any revisions to Mr. Polk's original article.

56.    The revisions KOA made and the content it added to the article include numerous inaccuracies. Because these inaccuracies appeared in content that was presented as having been authored, sponsored, and endorsed by Mr. Polk and RV Savvy, they threaten Plaintiffs' reputation in the industry as a source of trustworthy, reliable, and accurate advice to RV owners.

57.     On information and belief, KOA published numerous other derivative works like Exhibit 4.1 with attribution to Mr. Polk and RV Savvy but without their approval, endorsement, or authorization. All such articles infringe Plaintiffs' copyrights and registered trademarks and constitute unfair competition and unfair and deceptive trade practices.

58.     On information and belief, KOA has also created numerous other unauthorized derivatives that are substantially similar in protectable expression to Registered Works, but list KOA as the author with no mention of Mr. Polk or RV Savvy. By preparing and publishing these derivatives, KOA has infringed on registered copyrights owned by Mr. Polk.

<u>KOA's Use of RV Savvy IP to Create the KOA AI Chatbot:</u>

59.     The KOA AI Chatbot, launched in January 2024, was created, trained, and refined via the unauthorized use of content owned by Plaintiffs, including the Registered Works.

60.     The Chatbot is programmed with extensive content from KOA's website in an attempt to ensure comprehensive and relevant responses and appeal to consumers. On information and belief, over 100

individual copyrighted works authored by Mr. Polk, including the Registered Works, were used in the creation and development of the KOA Chatbot and continue to be used in its operation and continued development.

61.     In output delivered to KOA Chatbot users, the Chatbot frequently refers to Mr. Polk and RV Education 101® by name, including referring to Mr. Polk as "KOA's resident RV expert."

62.     Exhibit 5 shows recent results published by the KOA Chatbot in response to user inquiries. As shown in Exhibit 5, KOA continues as of the filing of this Complaint to refer to Mr. Polk without authorization as "KOA's resident RV expert."

63.     Neither Mr. Polk nor RV Savvy ever granted KOA license or permission to use their content or their names in connection with the creation, development, training, refinement, or operation of the KOA Chatbot.

64.     KOA's Chatbot continues to use substantial amounts of RV Savvy-created content both as part of the back-end programming, training, and fine-tuning of the Chatbot and as part of the content

provided to Chatbot users in response to questions or topics they type into the Chatbot.

65.    The Chatbot's use of Plaintiffs' names in the responses it provides users gives the false impression that Plaintiffs endorse those responses. Many of KOA's Chatbot responses include inaccurate and misleading information alongside Plaintiffs' names that was never reviewed or approved by Plaintiffs, further harming their hard-earned reputation in the industry.

66.    KOA's Chatbot competes with Plaintiffs' own content and threatens Plaintiffs' ability to profit from that content, including via licensing.

67.    Through the actions set forth above, KOA has infringed well over 100 copyrighted works owned by Plaintiffs, including the Registered Works; infringed RV Savvy's registered trademarks in RV Education 101®, violated Mr. Polk's exclusive right to control the commercial use of his name, image, and likeness; and has engaged in unfair and deceptive conduct that has harmed Plaintiffs and is proscribed by North Carolina's Unfair and Deceptive Trade Practices

Act (NC-UDTPA), and North Carolina common law. 17 U.S.C. 101 *et seq*.; N.C.G.S. 75-1.1 *et seq*.

68.    KOA's actions have caused Plaintiffs actual damages and harm, including lost profits, lost publicity and opportunities, and harm to their reputation. Plaintiffs are entitled to an award of their damages, disgorgement of profits from the infringements, and other relief as a remedy for KOA's actions.

69.    KOA's infringements are willful. KOA is a large, sophisticated company with substantial professional resources devoted to marketing, legal, and compliance functions. KOA knew or reasonably should have known that its uses of RV Savvy IP as described above were infringing. KOA acted with reckless disregard for Plaintiffs' rights.

70.    Because each of Mr. Polk's works is properly registered with the United States Copyright Office, Mr. Polk is entitled to statutory damages for each work that has been infringed. Because KOA's infringements are willful, the Court may award statutory damages of up to $150,000 per infringed work, plus attorneys' fees and costs. *See* 17 U.S.C. 504(c).

71. Because the circumstances of KOA's infringement of RV Savvy's trademarks are exceptional within the meaning of 15 U.S.C. 1117(a), RV Savvy requests that the Court award its attorneys' fees incurred in bringing those claims.

72. Under NC-UDTPA, damages are automatically trebled. N.C.G.S. 75-16. In addition, since KOA's actions were willful and its refusal to resolve this matter is unwarranted, Plaintiffs' are entitled to attorneys' fees and costs incurred in bringing this action. N.C.G.S. 75-16.1.

## CLAIMS FOR RELIEF

## Claim 1: Copyright Infringement by KOA (Multiple Counts)
## 17 U.S.C. 501

73. Paragraphs 1-16, 28-30, and 32-71 above are incorporated by reference.

74. Mr. Polk is the sole author and copyright owner of the Registered Works.

75. Each individual article authored by Mr. Polk included in the Registered Works is presented to the public as a single work and constitutes a separate work under 17 USC 504(c).

24

76.    As the copyright owner, Mr. Polk holds the exclusive rights to make and publish copies of the Registered Works and to prepare derivative works based on the Registered Works. 17 USC 106.

77.    Exhibit 3 lists 20 individual Registered Works that KOA reproduced and published without permission from Mr. Polk. Each of the 20 articles infringes Mr. Polk's corresponding Registered Work.

78.    As described above, KOA's limited license to use certain works of Mr. Polk had certain conditions that were agreed upon by the parties. KOA reproduced and published Mr. Polk's works outside of those conditions, and therefore infringed Mr. Polk's copyrights.

79.    In addition, on information and belief, KOA has infringed the copyright in numerous other Registered Works of Mr. Polk's, both by reproducing and publishing Registered Works wholesale and by preparing and publishing derivatives based on Registered Works, including unauthorized "updates" to Mr. Polk's articles and the creation and operation of the KOA AI Chatbot.

80.    By building training datasets containing Plaintiffs' copyrighted works, including the Registered Works, to create, train, and

operate the KOA AI Chatbot, KOA has directly infringed Plaintiffs' exclusive rights in its copyrighted works.

81. On information and belief, necessary information that would allow Mr. Polk to locate and identify additional infringements is not currently in his possession but is in the possession of KOA.

82. After sufficient opportunity to obtain that information through discovery, Mr. Polk intends to seek leave at an appropriate time to submit an Amended Complaint that identifies those additional infringements.

83. Mr. Polk has sustained actual damages as a result of KOA's infringements of his copyrights. He is entitled to an award of damages under 17 U.S.C. 504(b).

84. KOA has derived profits from its infringement of Mr. Polk's copyrights. Mr. Polk is entitled to disgorgement of those profits.

85. KOA's infringement of Mr. Polk's copyrights was willful, since KOA knew or reasonably should have known that its actions violated Mr. Polk's copyrights. As a result, Mr. Polk is entitled to statutory damages for his copyright claims of up to $150,000 per work, plus an award of costs and attorneys' fees.

86.    Mr. Polk is also entitled to a preliminary and permanent injunction requiring KOA and anyone acting in concert with KOA to cease and desist from reproduction, publication, or creation of derivatives of any of Mr. Polk's copyrighted works.

## Claim 2: Copyright Infringement by Doe Defendants (Multiple Counts)
### 17 U.S.C. 501

87.    Paragraphs 1-16, 24-26, 28-30, and 32-71 above are incorporated by reference.

88.    On information and belief, KOA has purported to sublicense numerous other individuals and entities – i.e., the Doe Defendants – to reproduce, publish, and create further derivatives of Mr. Polk's Registered Works.

89.    On information and belief, necessary information that would allow Mr. Polk to identify the Doe Defendants and identify and locate their additional infringements is not currently in his possession but is in the possession of KOA.

90.    After sufficient opportunity to obtain that information through discovery, Mr. Polk intends to seek leave at an appropriate

time to submit an Amended Complaint that identifies the Doe Defendants and identifies their infringements of Registered Works.

91.    Mr. Polk has sustained actual damages as a result of the Doe Defendants' infringements of his copyrights. He is entitled to an award of damages under 17 U.S.C. 504(b).

92.    The Doe Defendants have derived profits from their infringements of Mr. Polk's copyrights. Mr. Polk is entitled to disgorgement of those profits.

93.    The Doe Defendants' infringement of Mr. Polk's copyrights was willful, since they knew or reasonably should have known that its actions violated Mr. Polk's copyrights. As a result, Mr. Polk is entitled to statutory damages for his copyright claims against the Doe Defendants of up to $150,000 per work, per defendant, plus an award of costs and attorneys' fees.

94.    Mr. Polk is also entitled to an injunction requiring the Doe Defendants and anyone acting in concert with them to cease and desist from reproduction, publication, or creation of derivatives of any of Mr. Polk's copyrighted works.

## Claim 3: Trademark Infringement by KOA
## 15 U.S.C. 1114

95.     Paragraphs 1-16, 28-29, 31-44, 54-58, 62-64, 66-70, and 72 above are incorporated by reference.

96.     Plaintiff RV Savvy owns and maintains valid U.S. Trademark Registration Numbers 77153856 and 7432095 for RV Education 101® for use in connection with the educational services for videos and electronic publications about RVs that it offers to the public.

97.     Through its extensive use since 2000 of the RV Education 101® marks as described above, Plaintiff has established trademark rights in those marks.

98.     KOA, without Plaintiffs' consent, has used and is using in interstate commerce the RV Education 101® marks in connection with electronic publications of educational content and services relating to RV ownership, maintenance, and use.

99.     KOA's use RV Savvy's trademarks without authorization, including as shown in Exhibits 4.1 and 5, is likely to cause confusion, mistake, and deception among members of the public as to RV Savvy's affiliation, connection, or association with KOA, and as to the origin,

sponsorship or approval of the goods, services, and commercial activities

of KOA, in violation of 15 U.S.C. §1114(1).

100. KOA's infringement of RV Savvy's trademarks was and is

willful and malicious and has caused economic damage to Plaintiff

including lost sales, damaged reputation, and unjust enrichment to

KOA.

101. Because of KOA's deliberate, willful, and intentional

disregard of Plaintiff's rights, this case is "exceptional" within the

meaning of 15 U.S.C. § 1117. Plaintiff is therefore entitled to its

attorneys' fees and costs.

102. On information and belief, KOA's adoption and use of the RV

Education 101® mark in connection with its commercial activities was

in bad faith and in willful disregard of RV Savvy's rights, with intent to

trade on and appropriate the reputation and goodwill which Plaintiff

has built up in the RV Education 101® mark, and to divert customers

and revenues from Plaintiff.

103. KOA's infringements of RV Savvy's trademarks have caused

and will continue to cause damage and irreparable harm and injury to

Plaintiff unless and until this Court enjoins them.

## Claim 4: Invasion of Right of Privacy/Publicity by KOA
## North Carolina Common Law

104.  Paragraphs 1-16, 28-29, 31-44, 54-58, 62-64, and 66-70 above are incorporated by reference.

105.  Mr. Polk has the exclusive right to license and control the use by others, for their own commercial advantage, of his own name, image, and/or likeness.

106.  The KOA articles listed in Exhibit 3, as exemplified by Exhibit 3.2, use Mr. Polk's name outside the scope of the permission he had granted KOA, which required that any publications using his name be accompanied by the RV Savvy's trade name and links to its website.

107.  The KOA article depicted in Exhibit 4 uses Mr. Polk's name, image, and likeness on a derivative work that he did not approve, endorse, or authorize. On information and belief, KOA has used Mr. Polk's name, image, and likeness on numerous other unauthorized derivative works.

108.  As shown in Exhibit 5, KOA's AI Chatbot uses Mr. Polk's name on derivative works that he did not approve, endorse, or authorize.

109. KOA's use of Mr. Polk's name, image, and likeness without his authorization violates his publicity rights that are included within his right to privacy under North Carolina law.

110. KOA's use of Mr. Polk's name, image, and likeness without his authorization is likely to cause confusion, mistake, and deception of members of the public as to Mr. Polk's affiliation, connection, or association with KOA, and as to the origin, sponsorship or approval of the goods, services, and commercial activities of KOA.

111. In addition, on information and belief, KOA has published other articles that use Mr. Polk's name, image, and likeness without having been approved, endorsed, or authorized by him.

112. On information and belief, necessary information that would allow Mr. Polk to locate and identify such additional violations is not currently in his possession but is in the possession of KOA.

113. After sufficient opportunity to obtain that information through discovery, Mr. Polk intends to seek leave at an appropriate time to submit an Amended Complaint that identifies those additional violations.

114. Mr. Polk has sustained, and is entitled to an award of, actual damages, including lost profits, lost opportunities, and damage to his reputation as a result of KOA's violations of his right of publicity.

115. KOA has derived profits from its unauthorized use of Mr. Polk's name, image, and likeness. Mr. Polk is entitled to disgorgement of those profits.

## Claim 5: Unfair and Deceptive Trade Practices
### N.C.G.S. 75-1.1 *et seq.*

116. Paragraphs 1-16, 28-29, 31-44, 54-58, 62-64, 66-70, and 73 above are incorporated by reference.

117. Plaintiffs are entitled to bring an action under NC-UDTPA pursuant to N.C.G.S. 75-16.

118. At all relevant times, KOA was acting in the conduct of trade or commerce within the meaning of NC-UDTPA.

119. KOA's unauthorized commercial use of Mr. Polk's name, image, and likeness and of RV Savvy's RV Education 101® trademarks is unfair, has a tendency to deceive, does in fact deceive, and has caused Mr. Polk and RV Savvy substantial harm and damages. KOA's acts constitute unfair methods of competition and unfair and deceptive acts

33

and practices, in or affecting commerce, in violation of N.C.G.S. 75-1.1 *et seq.*

120.  KOA's conduct as alleged herein is unfair and offends public policy as it has been established by federal and state statutes, as well as North Carolina common law and general notions of fairness.

121.  Mr. Polk and RV Savvy are entitled to an award of treble damages from KOA for all damages proximately caused by their unfair and deceptive trade practices.

122.  Because KOA's refusal to resolve the matters giving rise to this claim is unwarranted, Mr. Polk and RV Savvy should be awarded their attorneys' fees and costs incurred in bringing this action.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Mark Polk and RV Savvy Productions, Inc. respectfully pray for the following relief from Defendant Kampgrounds of America, Inc. and the Doe Defendants:

1. Preliminary and permanent injunctions requiring Defendants and all those acting in concert with them to cease and desist from all infringing and wrongful actions that violate Plaintiffs' legal rights;

2. An award of damages pursuant to 17 U.S.C. 504(b) sufficient to compensate them for their actual damages from Defendants' copyright infringements, as well as disgorgement of Defendants' profits from the infringements, or, in the alternative, an award of statutory damages for copyright infringement for each work infringed, pursuant to 17 U.S.C. 504(c);

3. An award of KOA's profits and damages sustained by RV Savvy from KOA's infringement of RV Savvy's trademarks, pursuant to 15 U.S.C. 1117(a)

4. Treble damages and disgorgement of profits for KOA's unfair and deceptive acts and practices, pursuant to N.C.G.S. 75-16;

5. An award of their costs and attorneys' fees incurred in bringing and prosecuting this action, pursuant to 17 U.S.C. 505, 15 U.S.C. 1117(a), and N.C.G.S. 75-16.1.

This the 14th day of August, 2024

MORNINGSTAR LAW GROUP

*/s/ W. Swain Wood*
W. Swain Wood
NC State Bar No. 32037
swood@morningstarlawgroup.com
John T. Kivus
NC State Bar No. 42977
jkivus@morningstarlawgroup.com
Kenzie M. Rakes
NC State Bar No. 46349
krakes@morningstarlawgroup.com
434 Fayetteville Street, Suite 2200
Raleigh, NC 27601
Telephone:  (919) 829-7001
Facsimile: (919) 882-8890

*Attorneys for Plaintiffs Mark J. Polk and RV Savvy Productions, Inc.*

36